Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5425 | **DATE** | 10/16/2001 |
| **CASE TITLE** | Samuel vs. Volkswagen of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum Opinion and Order. For the reasons set forth in the attached order, the Court grants Volkswagen's motion for summary judgment (27-1) and denies Volkswagen's motion to strike (45-1). Judgment is entered in favor of defendant, Volkswagen of America, Inc. The pretrial conference and trial dates are vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 17 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 01 OCT 16 PM 3:52 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VALENCIA J. SAMUEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 00 C 5425 |
| | ) | |
| VOLKSWAGEN OF AMERICA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED OCT 1 7 2001**

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On April 17, 1995 Valencia Samuel, who is African-American, went to work for Volkswagen of America as a credit representative; she remains in Volkswagen's employ today as a Senior Credit Analyst. During her career, Samuel applied for four different positions that would have meant a promotion for her: Titles Group Leader; Consumer Satisfaction Analyst; Dealer Satisfaction Analyst; and Facilitator in Customer Touchpoints. In each case, Volkswagen failed to offer her the job. In another case, the company promoted her to the Senior Credit Analyst position, but not until almost a year after she initially expressed an interest in the job. After filing a claim with the EEOC and exhausting her administrative remedies, Samuel sued, alleging that Volkswagen failed to promote her because of her race in violation of Title VII of the Civil Rights Act of 1964. In her complaint, she also alleged that Volkswagen disciplined her in retaliation for her filing this suit. But when Volkswagen moved for summary judgment, seeking "dismiss[al of] the complaint in its entirety," *see* Volkswagen's Memorandum, p. 27, the plaintiff gave no indication that she was pursuing a retaliation claim.

Summary judgment may be granted only when there is no genuine issue as to any material

fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat Volkswagen's motion, Samuel must, under the familiar and oft-quoted burden-shifting method outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), offer sufficient evidence to establish a prima facie case. *See id.* at 802-05. Specifically, to support her failure to promote claim, Samuel must offer evidence showing that (1) she is a member of a protected group; (2) she was qualified for the position she sought; (3) Volkswagen rejected her for the position; and (4) Volkswagen instead promoted someone outside the protected class who was no more qualified that Samuel. *See Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 732 (7th Cir. 2001). If she can satisfy this burden, Volkswagen must then articulate, if it can, a legitimate non-discriminatory reason for not giving Samuel the job. *See id.* at 731-32. The burden then shifts back to Samuel to produce evidence that would, if believed, show that Volkswagen's stated reason was phony or a lie. *See Baron v. City of Highland Park*, 195 F.3d 333, 341 (7th Cir. 1999) (citing *Richter v. Hook-Sprex, Inc.*, 142 F.3d 1024, 1029-30 (7th Cir. 1998)).

Volkswagen argues that it is entitled to summary judgment because Samuel cannot show that she was as qualified or more qualified that the people who eventually filled the Titles Group Leader, Consumer Satisfaction Analyst, Dealer Satisfaction and Facilitator positions. For the most part, Samuel concedes that she was either not qualified for the jobs, or that she has no basis to support her theory that she was more qualified than the people ultimately selected. But Samuel argues that the reason she fell short on the corporate experience qualification was that Volkswagen made sure that non-African-American employees received better and broader experience within the company than did African-American employees. If the record supported

2

that argument, the Court would deny Volkswagen's motion: even if Samuel had less experience than those promoted, if Volkswagen's discrimination prevented her from getting that experience, she would have a viable claim to present to a jury. But the record contains no evidence that Volkswagen prevented Samuel from getting the requisite experience, and it certainly contains no evidence that it did so because of her race. Samuel argues that Volkswagen delayed her promotion to the Senior Credit Analyst position, which involved supervisory duties, and then refused to consider her for other positions because of her lack of supervisory experience. She argues, in other words, that each denial was the product of the initial decision to delay her promotion. But she has no evidence that the initial delay had anything to do with her race, and she has no evidence to contradict or undermine Volkswagen's statement that it delayed the promotion until she had the experience necessary to do the Senior Credit Analyst job. The best Samuel can offer to support her point is that white employees were promoted, while she was not. If, however, those white employees had more experience – and Samuel concedes that this might have been the case – the decision to promote them first could not have been illegal.

As to pretext, Volkswagen stated that it rejected Samuel because she was less qualified than the individuals it selected for the positions she sought. Other than her own impressions and opinions, Samuel has offered no evidence to suggest that Volkswagen's reason was a lie. In fact, at her deposition, Samuel was forced to concede that she really had no first-hand knowledge concerning most of the other candidates' backgrounds or experience and that she had no first-hand knowledge of how they performed in their respective interviews. To show that she was as good a candidate or a better candidate than those Volkswagen chose to fill the coveted slots, Samuel has only her own self-assessment, which cannot provide evidence from which a jury

3

could conclude that Volkswagen's reason was untrue. *See Adusumilli v. City of Chicago*, 164 F.3d 353, 363 (7th Cir. 1998); *Gustovich v. AT&T Communications, Inc.*, 972 F.2d 845, 848 (7th Cir. 1992). Although she submitted several glowing reviews and e-mails from her supervisors praising her performance, those documents show only that she was good at her job (something Volkswagen does not dispute). These rave reviews do not establish that she had the experience and qualifications necessary for the positions she sought. In short, the record contains no evidence of race discrimination, and summary judgment in Volkswagen's favor is appropriate.

In addition to its summary judgment motion, Volkswagen has moved to strike portions of Samuel's response to its Rule 56.1 Statement and her Statement of Additional Facts and parts of her affidavit. The statements Volkswagen challenges had no bearing on the Court's decision today and, particularly in light of the ruling, the motion is denied as moot.

For the reasons explained above, the Court grants Volkswagen's motion for summary judgment [Docket # 27] and denies Volkswagen's motion to strike [Docket # 45]. The Clerk is directed to enter judgment in Volkswagen's favor. The pretrial conference and trial dates are vacated.

Dated: October 16, 2001

MATTHEW F. KENNELLY
United States District Judge